## J. C. JOHNSON v. CITY OF MEMPHIS.

PRINCIPAL AND AGENT. *Agent not responsible for damages. When.* One who acts without compensation as a friend or agent for another abroad, and as such friend or agent contracts in the name of his principal for work to be done for the principal, is not responsible in damages for accidents that may result from the manner of doing the work, or a failure to exercise extraordinary care in its execution, the undertakers being men of ordinary care and skill, and so known to the agent.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. C. W. HEISKELL, J.

ESTES & ELLETT for Johnson.

W. M. RANDOLPH for City of Memphis.

TURNEY, J., delivered the opinion of the court.

On the 12th of March, 1872, Johnson purchased from Wilson a lot in the city of Memphis, for E. W.

Lehman of Philadelphia, and paid for it with notes belonging to Lehman. At the time of the purchase, it was intended by Lehman to sell the lot; therefore for the convenience of readily making a deed, the title was taken to Johnson. Lehman concluding not to sell, on the 16th of July, 1873, Johnson conveyed the property to him. The deed was not registered until January, 1874.

Johnson, as the agent of Lehman, made contracts for the erection of buildings, excavations of cellars, etc. upon the property. The contracts were in writing and recited the agency of Johnson. The work of building and excavation was commenced. The excavation extended from one and a half to five feet into a side-walk on Main street.

In November, 1873, Christopher Clark fell into the pit and his leg was broken. In February, 1874, he brought suit against the city, and in March, 1875, recovered a judgment for three thousand dollars and costs. The city brings this suit to recover that amount from Johnson.

The cause was tried by the circuit judge without a jury. Judgment for plaintiff. Defendant appeals.

"When the case was about to be reached for trial, the city attorney called on Johnson for names of witnesses, and found that the property really belonged to some one else. Asked him the names of workmen, and told him the character of the case, and that it was coming on for trial, and that we would attempt to hold him responsible if city lost suit." Witness is

not positive that this interview was more than two days before the trial.

This statement is sufficient for a decision of the case, and presents the single question, whether one who acts without compensation merely as the friend or agent of another who lives abroad, and as such agent or friend contracts in the name of his principal for work to be done for that principal, is responsible in damages for accidents that may result from the manner of doing the work, or a failure to exercise extraordinary care in its execution, there being no pretense that the undertakers were not, in their several lines of service, men of ordinary care and skill, and so known to the agent, and no pretense that the agent failed to exercise prudence and caution in their employment.

It is clear no responsibility can attach under such circumstances. Judgment reversed, and judgment here for plaintiff in error.